January 16, 2020

**VIA ECF & EMAIL**

Hon. Katherine Polk Failla
United States District Court
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

> Re: *Leibowitz v. iFinex Inc.*, 19-cv-09236-KPF (S.D.N.Y.);
> *Young v. iFinex Inc.*, 20-cv-00169-KPF (S.D.N.Y.);
> *Faubus v. v. iFinex Inc.*, 20-cv-00211-KPF (S.D.N.Y.)

Dear Judge Failla:

We represent the Plaintiffs in the above-referenced *Leibowitz*, *Young*, and *Faubus* Actions.[1] We respectfully write in response to your Honor's Orders dated January 13, 2020 and January 15, 2020 requesting the parties' position regarding consolidation of the Related Actions. In addition, we respectfully request that the Court enter an order synchronizing the briefing schedules in connection with the pending motions to appoint interim lead counsel pursuant to Rule 2.C of the Court's Individual Practices. Plaintiffs in the Related Actions have conferred with counsel for Defendants who do not oppose the relief sought.

### I.   The Related Actions should be consolidated

Plaintiffs in the Related Actions respectfully request that the Court enter an order consolidating the Related Actions and any actions subsequently filed in or transferred to this Court pursuant to Fed. R. Civ. P. 42(a).

Consolidation is appropriate when two or more actions "before [a] court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *Blackmoss Invs., Inc., v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008). Trial courts have broad discretion in determining whether consolidation would be appropriate and should "balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation." *Sheet Metal Contractors Ass'n of N. N.J. v. Sheet Metal Workers' Int'l. Ass'n*, 978 F. Supp. 529, 531 (S.D.N.Y. 1997) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-1285 (2d Cir. 1990). In this Circuit, courts "have taken the view that considerations of judicial economy favor consolidation." *Johnson*, 899 F.2d at 1285; *see also Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) (explaining that "consolidation of cases with common questions of law or fact is favored 'to avoid unnecessary costs or delay' and to 'expedite trial and eliminate unnecessary repetition and

---

[1] The "Related Actions" include *Leibowitz v. iFinex Inc.*, 19-cv-09236-KPF (S.D.N.Y.) ("*Leibowitz* Action"); *Young v. iFinex Inc.*, 20-cv-00169-KPF (S.D.N.Y.) ("*Young* Action"); and *Faubus v. v. iFinex Inc.*, 20-cv-00211-KPF (S.D.N.Y.) (the "*Faubus* Action").

Letter to Hon. Failla
January 16, 2020
Page 2

confusion'") (internal citations omitted).

Here, consolidation is particularly appropriate. First, the Related Actions assert claims arising from the alleged price manipulation of Bitcoin and related Bitcoin futures. *Compare Young* Compl. ¶¶ 79-154, 179-187, *Leibowitz* Compl. ¶¶ 79-91, 107-155, and *Faubus* Complaint ¶¶ 78-153, 177-185. The actions assert claims for overlapping Class Periods (*compare Young* Compl. ¶¶ 1, 189, *Leibowitz* Compl. ¶¶ 40 n.47, 242, and *Faubus* Complaint ¶¶ 1, 187). The matters all share factual issues arising from allegations concerning Defendants' manipulation of Bitcoin and Bitcoin futures. Examples of these overlapping factual questions include: (i) whether Defendants monopolized and manipulated the Bitcoin market and also thereby manipulated the market for Bitcoin futures; (ii) whether Defendants maintained a one-to-one reserve ratio between Tether and U.S. dollars at all times; (iii) the nature, duration, and extent of Defendants' manipulation of the Bitcoin market and Bitcoin futures market; (iv) whether Defendants' conduct caused injury to Plaintiffs and the class; and (v) the appropriate measure of damages.

Second, the Related Actions also assert substantially overlapping legal claims arising from the same set of operative facts. Specifically, the Related Actions assert that Defendants' alleged misconduct violated the same federal statutes, namely: (i) the Commodity Exchange Act, 7 U.S.C. § 1 and 2, *et seq* and the rules promulgated thereunder; (ii) the Sherman Act, 15 U.S.C. § 2; and (iii) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq*. As such, consolidating the Related Actions will eliminate duplicative discovery, prevent inconsistent pretrial rulings, promote judicial efficiency, and conserve the resources of the parties, counsel, and judiciary. Differences in the various causes of action, parties, or class period are insufficient to render consolidation inappropriate where, as here, the cases present sufficiently common questions of fact and law and the differences do not outweigh the judicial efficiencies generated by consolidating the Related Actions. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

Finally, the Related Actions remain in the early stages of litigation. Defendants have neither moved to dismiss nor otherwise answered any Complaint, the Related Actions are in the same early stage of litigation. Accordingly, consolidation of the Related Actions will promote judicial efficiency.

II.     **Interim Lead Counsel Motions**

There are two interim lead motions that are currently pending before this Court. On January 3, 2020, Plaintiffs in the *Leibowitz* Action filed a motion to appoint interim lead counsel. After the *Young* Action was accepted as related on January 13, 2020, plaintiffs in the *Young* Action filed a motion to appoint interim lead counsel the same day.

The Plaintiffs in the Related Actions respectfully request that the Court enter an order synchronizing the briefing schedule on the interim lead motions. Specifically, the Plaintiffs request that the deadline to oppose or otherwise respond to the interim lead motions be set for January 27, 2020.

### III.      Motions To Dismiss

The Defendants' motions to dismiss are currently due February 3, 2020. Plaintiffs have conferred with Defendants, and agreed to request that the motions to dismiss be postponed until after the interim lead motions have been decided. No later than seven days following the appointment of interim lead counsel, counsel for defendants and interim lead counsel shall submit a proposed scheduling order setting for deadlines on the filing of a consolidated amended complaint and motion(s) to dismiss.

***

We thank the Court for its attention to this matter and are available to address any questions the Court may have regarding this request.

Respectfully submitted,

/s/ Karen M. Lerner
Karen M. Lerner
Kirby McInerney LLP
250 Park Avenue, Suite 820
New York, New York 10177
Telephone: (212) 371-6600
Email: klerner@kmllp.com

/s/ John Radice
John Radice
Radice Law Firm, P.C.
475 Wall Street
Princeton, New Jersey 08540
Telephone: (646) 245-8502
Email: jradice@radicelawfirm.com

*Counsel for the Young Plaintiffs*

/s/Brian P. Murray
Brian P. Murray
Gregory B. Linkh
Glancy Prongay Murray LLP
230 Park Avenue, Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Email: bmurray@glancylaw.com
         glinkh@glancylaw.com

*Counsel for Plaintiff Bryan Faubus*

/s/ *Kyle W. Roche*
Kyle W. Roche
Roche Cyrulnik Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
Telephone (929) 457-0050
Email: kyle@rcf.com

*/s/ Todd M. Schneider*
Todd M. Schneider (pro hac vice)
Schneider Wallace Cottrell Konecky LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Email: tschneider@schneiderwallace.com

*Counsel for the Leibowitz Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID LEIBOWITZ, BENJAMIN LEIBOWITZ, JASON LEIBOWITZ, AARON LEIBOWITZ, and PINCHAS GOLDSHTEIN,<br><br>        Plaintiffs,<br><br>v.<br><br>IFINEX INC., BFXNA INC., BFXWW INC., TETHER HOLDINGS LIMITED, TETHER OPERATIONS LIMITED, TETHER LIMITED, TETHER INTERNATIONAL LIMITED, DIGFINEX INC., PHILIP G. POTTER, GIANCARLO DEVASINI, LUDOVICUS JAN VAN DER VELDE, REGINALD FOWLER, CRYPTO CAPITAL CORP., and GLOBAL TRADE SOLUTIONS AG,<br><br>        Defendants. | 19 Civ. 9236 (KPF)<br><br>[PROPOSED] SCHEDULING ORDER |

The Court hereby orders the following:

1. The following actions are hereby consolidated:
    a. *Leibowitz v. iFinex Inc.*, 19-cv-09236-KPF (S.D.N.Y.)
    b. *Young v. iFinex Inc.*, 20-cv-00169-KPF (S.D.N.Y.)
    c. *Faubus v. v. iFinex Inc.*, 20-cv-00211-KPF (S.D.N.Y.)

2. The Plaintiffs shall oppose or otherwise respond to the motions to appoint interim lead counsel by no later than January 27, 2020.

3. No later than seven days following the appointment of interim lead counsel, counsel for defendants and interim lead counsel shall submit a proposed scheduling order setting for deadlines on the filing of a consolidated amended complaint and motion(s) to dismiss.

4. The current February 3, 2020 deadline for Defendants to file motions to dismiss is adjourned.

SO ORDERED.

Dated: January 16, 2020
        New York, New York

                                                                    _____
                                                                    KATHERINE POLK FAILLA
                                                                    United States District Judge